FILED by KS D.C.

May 11, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 21-20300-CR-MARTINEZ/BECERRA

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

vs.

BARRY BENDETOWIES,

    Defendant.

_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1. CitiMortgage, Inc. ("CitiMortgage") was a wholly-owned subsidiary of CitiBank, NA, ("CitiBank"), a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. The Federal National Mortgage Association ("Fannie Mae") was a government-sponsored enterprise chartered by the United States Congress doing business as a mortgage lender throughout the United States, including in the State of Florida.

3. The Federal Home Loan Mortgage Corporation ("Freddie Mac") was a government-sponsored enterprise chartered by the United States Congress doing business as a mortgage lender throughout the United States, including in the State of Florida.

4. Indymac Mortgage Services ("Indymac Mortgage") was a division of OneWest Bank, FSB ("OneWest Bank"), a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

5. JPMorgan Chase Bank, N.A. ("JPMorgan Chase Bank") was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

6. Nationstar Mortgage LLC ("Nationstar Mortgage") was a Delaware corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

7. Ocwen Loan Servicing, LLC ("Ocwen") was a Delaware corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

8. Seterus, Inc. ("Seterus") was a Delaware corporation doing business as a mortgage loan servicer on behalf of mortgage lenders, including Fannie Mae, throughout the United States, including in the State of Florida.

9. Team Title USA, LLC ("Team Title") was a Florida limited liability corporation with its principal place of business listed as 10100 W. Sample Road, Suite 201, Coral Springs, Florida 33065.

10. Ample Investments Corp ("Ample Investments") was a Florida corporation with its principal place of business listed as 3700 N 56th Avenue, 1008, Hollywood, Florida 33021.

11. Best SoFlo Investments, Corp ("Best SoFlo Investments") was a Florida corporation with its principal place of business listed as 2728 NW 28 Street, Miami, Florida 33142.

12. Champions Investment Corp ("Champions Investment") was a Florida corporation with its principal place of business listed as 1319 NW 32nd Street, Miami, Florida 33142.

13. Easy Loans Mortgage, Corp ("Easy Loans") was a Florida corporation with its principal place of business listed as 591 NW 53 Street, Davie, Florida 33127.

14. Greatest Investments, Corp ("Greatest Investments") was a Florida corporation with its principal place of business listed as 2728 NW 28th Street, Miami, Florida 33142.

15. Remar Investment Group of Florida, Corp ("Remar Investment Group") was a Florida corporation with its principal place of business listed as 591 NW 53 Street, Davie, Florida 33127.

16. Unlimited Realty Group, Corp ("Unlimited Realty") was a Florida corporation with its principal place of business listed as 5527 S University Drive, Davie, Florida 33328.

17. Defendant **BARRY BENDETOWIES** was a resident of Miami-Dade County, Florida and the managing member of Team Title.

18. Ana Maritza Cummings was a resident of Broward County, Florida and a licensed real estate sales associate.

19. Grace Pazmino was a resident of Broward County, Florida, a licensed real estate broker, and the president of Unlimited Realty.

20. Valentin Pazmino was a resident of Broward County, Florida, a licensed real estate broker sales associate, the president of Champions Investment, Best SoFlo Investments, and Greatest Investments.

21. Diana Pazmino, f/k/a Diana Robinson, was a resident of Broward County, Florida, and the president of Easy Loans and Remar Investment Group.

22. Rene A. Pazmino was a resident of Miami-Dade County, Florida.

23. Jared Marble was a resident of Broward County, Florida and the president of Ample Investments.

24. Straw Buyer 1 was an individual whose identity was used to purchase 2941 NW 15th Avenue, Miami, Florida 33142 as part of a short sale.

25. The term "closing" referred to the legal event at which the transfer of an interest in real estate from seller to buyer formally took place, as well as the point at which funds were transferred between the various parties, such as from the lending institution to the buyer or to the seller on the buyer's behalf, which transfer was often accomplished by temporarily passing the funds through an intermediary referred to as a "closing agent" or "title company."

26. The term "mortgage" was used in the real estate industry to refer to a loan to finance the purchase of real estate property, usually with specified payment periods and interest rates, in which the borrower/mortgagor gave the lender/mortgagee a lien on the property as collateral for the loan.

27. The term "lender" referred to mortgage lenders, as set forth in the preceding paragraphs 1 through 8, which extended mortgage loans and disbursed mortgage loan proceeds to fund the financing of residential properties. The lender was also referred to as the "lien holder."

28. The term "loan servicer" referred to the entity that handled the administrative functions of a mortgage loan for the lender, such as collecting the borrower's payments and communicating with the borrower. A lender could service the loan itself or have a third party, as set forth in the preceding paragraph 9, service the loan.

29. A HUD-1 Settlement Statement ("HUD-1 Statement") was a standard form required to be executed for the closing of real estate transactions. The HUD-1 Statement itemized all aspects of the closing for the lender, including any payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

30. "Cash-to-close" referred to the monetary obligations to be met by an individual, usually the buyer, in order for a closing on a particular real estate transaction to be completed.

31. The term "short sale" referred to the sale of real estate by the borrower in which the borrower, with the approval of the lender or loan servicer, sold the real estate for less than the

outstanding balance of the mortgage. The proceeds from the short sale, minus approved closing costs, were applied to the outstanding mortgage loan balance owed to the lender, which typically agreed to forgive the borrower's remaining mortgage loan balance. Prior to approving short sales, lenders and loan servicers typically required the parties to a proposed short sale to submit documents and information to show that, among other things, the sale was an "arm's length transaction" between two unrelated parties without hidden terms or special understandings.

## COUNT 1
## CONSPIRACY TO COMMIT BANK FRAUD
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

2. From in or around April 2012, through in or around June 2017, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**BARRY BENDETOWIES,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including CitiBank, Fannie Mae, OneWest Bank, JPMorgan Chase Bank, Nationstar Mortgage, and Ocwen, which scheme and artifice would employ a material falsehood, and to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) obtaining control of residential properties in Miami-Dade and Broward Counties, Florida by way of quitclaim deeds; (b) purchasing, and using straw buyers to purchase, the residential properties through short sales; (c) causing false and fraudulent documents to be submitted to lenders and loan servicers, thereby inducing the lenders and loan servicers to approve the short sales; and (d) providing the funds to effectuate purchases in the names of straw buyers.

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. Ana Martiza Cummings, Valentin Pazmino, Rene A. Pazmino, and Diana Pazmino, obtained control of residential properties that were subject to existing mortgages by way of quitclaim deeds.

5. Ana Maritza Cummings and Rene A. Pazmino obtained mortgages on residential properties.

6. Ana Maritza Cummings recruited individuals to serve as straw buyers to purchase, through short sales, properties controlled by members of the conspiracy. Cummings also obtained the identifying information of individuals who were used as straw buyers to purchase, through short sales, properties controlled by members of the conspiracy. The individuals who were used as straw buyers in furtherance of the conspiracy included Straw Buyer 1.

7. Valentin Pazmino, Diana Pazmino, Jared Marble, and/or entities they controlled purchased properties through short sales.

8. To induce the approval of the short sales, Ana Maritza Cummings, Grace Pazmino, Valentin Pazmino, Rene A. Pazmino, Diana Pazmino, and Jared Marble provided false and fraudulent information to the lenders and loan servicers regarding their relationship to each other and to the straw buyers and failed to disclose agreements among themselves and the straw buyers regarding who would retain control of the properties following the short sales.

9. **BARRY BENDETOWIES** executed and caused to be executed short sale affidavits and affidavits of arm's length transactions in which the sellers and buyers falsely attested that the short sale transactions were done at arm's length. **BENDETOWIES** then provided those affidavits to the lenders as part of the closing process.

10. Grace Pazmino satisfied Straw Buyer 1's cash-to-close obligation.

11. **BARRY BENDETOWIES**, as the closing agent, accepted cash-to-close payments from individuals other than the named buyer.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-8
## BANK FRAUD
## (18 U.S.C. § 1344)

1. The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

2. From in or around April 2012, through in or around June 2017, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**BARRY BENDETOWIES,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including CitiBank, Fannie Mae, OneWest Bank, JPMorgan Chase Bank, Nationstar Mortgage, and Ocwen, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute,

7

attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) obtaining control of residential properties in Miami-Dade and Broward Counties, Florida by way of quitclaim deeds; (b) purchasing, and using straw buyers to purchase, the residential properties through short sales (c) causing false and fraudulent documents to be submitted to lenders and loan servicers, thereby inducing the lenders and loan servicers to approve the short sales; and (d) providing the funds to effectuate purchases in the names of straw buyers.

### THE SCHEME AND ARTIFICE

The Manner and Means section of Count 1 of the Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### EXECUTION OF THE SCHEME AND ARTIFICE

4. On or about the dates specified below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant did execute, attempt to execute, and cause the execution of, the aforesaid scheme and artifice to defraud, as more particularly described below:

| | | |
|---|---|---|
| 2 | 6/15/12 | Submission of false and fraudulent documents to Indymac Mortgage in furtherance of the short sale of 9967 NW 25th Avenue, Miami, FL to Ample Investments |
| 3 | 6/7/13 | Submission of false and fraudulent documents to CitiMortgage in furtherance of the short sale of 19221 NW 80th Court, Miami, FL to Jared Marble |
| 4 | 2/14/14 | Submission of false and fraudulent documents to JPMorgan Chase in furtherance of the short sale of 1488 NW 33rd Street, Miami, FL to Diana Pazmino, f/k/a Diana Robinson |
| 5 | 2/18/14 | Submission of false and fraudulent documents to Ocwen in furtherance of the short sale of 17474 NW 10th Street, Pembroke Pines, FL to Champions Investment |
| 6 | 4/22/15 | Submission of false and fraudulent documents to Ocwen in furtherance of the short sale of 1337 NW 32nd Street, Miami, FL to Best SoFlo Investments |
| 7 | 5/12/15 | Submission of false and fraudulent documents to Seterus in furtherance of the short sale of 2941 NW 15th Avenue, Miami, FL to Straw Buyer 1 |
| 8 | 6/5/15 | Submission of false and fraudulent documents to Nationstar Mortgage in furtherance of the short sale of 1510-1512 NW 30th Street, Miami, FL to Best SoFlo Investments |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## FORFEITURE

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **BARRY BENDETOWIES**, has an interest.

2. Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

BARRY BENDETOWIES,

       Defendant.       /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- [✓] Miami
- [ ] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s) [ ] Yes [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   [ ]
   - II   6 to 10 days   [✓]
   - III   11 to 20 days   [ ]
   - IV   21 to 60 days   [ ]
   - V   61 days and over   [ ]

   (Check only one)
   - Petty [ ]
   - Minor [ ]
   - Misdemeanor [ ]
   - Felony [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Sean Paul Cronin
Assistant United States Attorney
Court ID No. A5500940

*Penalty Sheet(s) attached                      REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Barry Bendetowies

**Case No**: _____

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349

\* **Max.Penalty**:        30 years' imprisonment

Counts #: 2-8

Bank Fraud

Title 18, United States Code, Section 1344

\* **Max.Penalty**:        30 years' imprisonment as to each count

Counts #:

_____

_____

\* **Max.Penalty**:

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**